UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

MOHAMMAD BAYANI,

Petitioner,

v.

CHRISTOPHER LAROSE, Warden at Otay Mesa Detention Center; DANIEL A. BRIGHTMAN, San Diego Field Office Director, Immigration and Customs Enforcement and Removal Operations ("ICE/ERO"); TODD LYONS, Acting Director, Immigration and Customs Enforcement ("ICE");  KRISTI NOEM, Secretary of the Department of Homeland Security ("DHS"); PAMELA BONDI, Attorney General of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT,

Respondents.

Case No.: 26-cv-0266-JES-VET

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**

**[ECF No. 1]**

Before the Court is Petitioner Mohammad Bayani's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition"), filed on January 16, 2026. ECF No. 1 Respondents filed a return on January 22, 2026. ECF No. 3. Petitioner filed a Traverse on

1

26-cv-0266-JES-VET

January 23, 2026. ECF No. 5. For the reasons set forth below, the Court **GRANTS** the Petition.

## I.    BACKGROUND

Petitioner is a citizen of Iran who fled his home country due to religious persecution. Pet. ¶¶ 16-17. Petitioner entered the United States on January 5, 2025, and was immediately detained at Otay Mesa Detention Center, where he has remained detained ever since. *Id.* ¶ 19.

Respondent initially placed Petitioner in expedited removal. *Id.* When Petitioner expressed a fear of returning to Iran, he was given a credible fear interview which resulted in a positive credible fear determination. *Id.* On March 2, 2025, Petitioner was issued a Form I-862 and placed in Section 240 removal proceedings. *Id.*

On May 17, 2025, Petitioner filed an asylum application. *Id.* ¶ 21. Petitioner's counsel was not able to attend an October 2, 2025, hearing due to illness, and the hearing was rescheduled to January 2, 2026. *Id.* ¶ 22. The matter was again rescheduled due to judicial changes, and postponed to March 13, 2026. *Id.* ¶ 23. Petitioner states that the IJ stated from the bench that the case would be reassigned in the future, likely resulting in further delay. *Id.*

Petitioner requested a bond hearing, which an immigration judge ("IJ") denied for lack of jurisdiction on December 15, 2025. *Id.* ¶ 20.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and ... the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means

of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.   DISCUSSION

#### A. Jurisdiction

As an initial matter, Respondents argue that the Court does not have jurisdiction over areas of immigration law, like the decision to initiate removal proceedings against an alien, designated by law to the executive branch. ECF No. 4 at 3. As discussed in other cases before this Court and in this District, the Court agrees with the government's underlying proposition but finds that it has jurisdiction to hear Petitioner's claims that his detention is unlawful. *See Sanchez v. Noem*, 25-cv-2995-JES-BJW, ECF No. 11 (S.D. Cal. Sept. 26, 2025); *Alegria Palma v. LaRose*, 25-cv-1942-BJC-MMP, ECF No. 14 (S.D. Cal. Aug. 11, 2025); *Mendez Los Santos v. LaRose*, 25-cv-2216-TWR-MSB, ECF No. 14 (S.D. Cal. Sept. 4, 2025) (granting petition by minute order); *Rokhifirooz v. LaRose et al.*, No. 25-cv-2053-RSH-VET, 2025 WL 2646165 (S.D. Cal Sept. 15, 2025).

#### B. Due Process

Petitioner argues that his continued detention without individualized justification of detention itself constitutes a deprivation of liberty without due process of law. Pet. ¶ 43. The Court agrees.

Section 1225(b) anticipates the detention of individuals seeking asylum while their cases are pending, and does not require bond hearings to do so. 8 U.S.C. § 1225(b). At the same time, the Due Process Clause puts serious guardrails on the government's ability to detain any person indefinitely without individualized justification of detention itself. *Zadvydas v. Davis*, 533 U.S. at 690. For noncitizens subject to final orders of removal, the Supreme Court has held that individualized justification is necessary after a six-month

26-cv-0266-JES-VET

period in which detention is presumptively reasonable to effectuate removal. *Id.* The Supreme Court has made clear that this six-month rule does not apply to noncitizens without a final order of removal. *Jennings v. Rodriguez*, 583 U.S. 281, 298 (2018) (holding that the Ninth Circuit had inappropriately applied the canon of constitutional avoidance, and remanding for consideration of the statutory text and due process concerns). However, at the time of this opinion, there is no controlling authority reconciling the textually unlimited mandatory detention provisions of 8 U.S.C. § 1225(b) and this country's legal axiom, dating back to the founding generation, that no person may be detained for an indefinite time without some process justifying their detention itself. *See, e.g.,* U.S. Const. amend. V, § 1; *Rodriguez v. Marin*, 909 F.3d 252, 256 (9th Cir. 2018) ("We have grave doubts that any statute that allows for arbitrary prolonged detention without any process is constitutional or that those who founded our democracy precisely to protect against the government's arbitrary deprivation of liberty would have thought so."); *Zadvydas*, 533 U.S. at 690 ("A statute permitting indefinite detention of an alien would raise a serious constitutional problem."); The Federalist No. 84 (Alexander Hamilton) ("The practice of arbitrary imprisonments has been, in all ages, the favorite and most formidable instruments of tyranny."). Habeas courts are thus called to determine when a person's detention under 1225(b) is prolonged without explanation such that the due process clause is necessarily offended by a total lack of individual process as to their detention itself.

Because this unresolved issue necessarily counterbalances the government's interest in efficient removals against noncitizens' interest in liberty, courts across the country have adopted a balancing test to determine when the constitution requires process regarding detention even absent a final order of removal. In *Banda v. McAleenan*, the court articulated a series of considerations for cases involving prolonged detention of noncitizens not subject to final orders of removal. 385 F. Supp. 3d 1099, 1106 (W.D. Wash. 2019). The factors are as follows: "(1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal proceedings caused by the detainee; (5) delays in the removal proceedings cause by the government; and (6) the

26-cv-0266-JES-VET

likelihood that the removal proceedings will result in a final order of removal." *Id.* The court there found that the petitioner was entitled to relief where (1) he was detained for 17 months; (2) his appeal was in process with the Board of Immigration Appeals and still subject to later Ninth Circuit review; (3) the parties had not submitted evidence regarding the conditions of detention; (4) Petitioner was not at fault for delays due to the need for an interpreter; (5) the government was to blame for the slow process of securing a translator; and (6) it was unclear how likely it was that proceedings would result in removal. *Id.* at 1118-20. These factors have since been used by courts across this country, including this Court and others in this district. *See Markosian v. Bondi,* No. 25-CV-3494-JES-BLM, 2026 WL 25850 (S.D. Cal. Jan. 5, 2026) (granting request for a bond hearing for a petitioner held for twelve months under 1225(b)'s mandatory detention provision); *Guatam v. Corr. Corp of Am.,* No. 3:25-CV-3600-JES-DEB, 2026 WL 25846 (S.D. Cal. Jan. 5, 2026) (same for one year detention); *Amado v. United States Dep't of Just.*, No. 25CV2687-LL-DDL, 2025 WL 3079052 (S.D. Cal. Nov. 4, 2025) (same for thirteen months); *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654 (S.D. Cal. Oct. 15, 2025) (same); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520 (S.D. Cal. Nov. 12, 2025) (granting request for a bond hearing for a petitioner held for eleven months under 1225(b)'s mandatory detention provision). These factors are also in keeping with, and expand upon, an earlier test from a district court in this Circuit which reviewed total length of detention, likelihood of future detention, and delays in the removal proceedings caused by the government and petitioner. *Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022). The Court finds the *Banda* factors a comprehensive summary of considerations in prolonged detention claims without final orders of removal, and uses them here as a lens through which to evaluate the constitutionality of Petitioner's detention without process regarding detention.

Courts consider the first factor, time in detention to date, to be the most important in determining the necessity of process regarding detention. *See Banda*, 385 F. Supp. 3d at 1118 ("the length of detention, which is the most important factor"); *Amado v. United*

*States Dep't of Just.*, No. 25CV2687-LL-DDL, 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025) ("The total length of detention to date is considered the most important factor."). "In general, '[a]s detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing.'" *Gonzalez v. Bonnar*, No. 18-cv-05321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019) (alteration in original); *see also Lopez v. Garland*, 631 F. Supp. 3d 870, 879 (E.D. Cal. 2022) ("Petitioner has been in immigration detention ... approximately one year. District courts have found shorter lengths of detention ... without a bond hearing to be unreasonable."); *Tonoyan v. Andrews*, No. 1:25-CV-00815-SKO-HC, 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period ... qualifies as prolonged."). In this case, Petitioner has been detained for over a year. Pet. ¶ 18. This factor thus weighs in favor of finding that Petitioner has a right to due process regarding his detention. *See also Masood v. Barr*, No. 19-CV-07623-JD, 2020 WL 95633, at *3 (N.D. Cal. Jan. 8, 2020) (finding detention for nearly nine months weighs in favor of the petitioner); *Cabral v. Decker*, 331 F. Supp. 3d 255, 261 (S.D.N.Y. 2018) (finding detention of over seven months weighed in petitioner's favor); *Perez v. Decker*, No. 18-CV-5279 (VEC), 2018 WL 3991497, at *5 (S.D.N.Y. Aug. 20, 2018) (finding detention of over nine months weighed in petitioner's favor); *Brissett v. Decker*, 324 F. Supp. 3d 444, 452 (S.D.N.Y. 2018) (finding detention of over nine months weighed in petitioner's favor).

Regarding the second factor, Petitioner's immigration appeal could be pending for a long time yet, as his case has not yet had a final hearing and further delays are anticipated by the immigration court. Pet. ¶ 23. Further, Petitioner may still appeal his case to the Ninth Circuit, which, as the *Banda* court noted, could take an additional significant period of time. *See Banda*, 385 F. Supp. 3d at 1118. This factor also weighs in favor of granting relief.

Regarding the third factor, conditions of confinement, Petitioner states that his mental health is at risk due to his continued detention. Pet. ¶ 31. While Petitioner has no criminal history (*id.* ¶ 42), he is detained at Otay Mesa, which is not meaningfully

distinguishable from penal confinement. *See Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020). This factor weighs in favor of granting relief.

Regarding the fourth factor, the petitioner's responsibility for delay, Petitioner's counsel asked for a continuance of his hearing due to illness, which extended the timeline by four months. Pet. ¶ 22. As courts have repeatedly noted, a petitioner's pursuit of defenses to removal should not be held against a determination that they are entitled to due process. *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 965 (D. Minn. 2019) ("Petitioner is entitled to raise legitimate defenses to removal ... and such challenges to his removal cannot undermine his claim that detention has become unreasonable."); *Abduraimov v. Andrews*, No. 1:25-CV-00843-EPG-HC, 2025 WL 2912307, at *9 (E.D. Cal. Oct. 14, 2025) (finding this factor neutral where Petitioner requested continuances and the government exercised its right to appeal, and collecting cases). The Court notes that detainees require the assistance of counsel to effectively raise defenses to removal in immigration cases, and that counsel requesting continuances for illness is common. Petitioner may face a challenge in finding a prompt and available court date following the requested continuance, through no fault of his own. Thus, the fourth factor weighs very slightly against granting relief.

Regarding the fifth factor, the government's responsibility for the delay, Petitioner asserts that judicial reassignment has resulted in a three month delay to his case already, and that future delay due to further reassignment is likely pursuant to an IJ's statements from the bench. Pet. ¶ 23. This factor weighs slightly in favor of granting relief.

The sixth factor is likelihood that Petitioner's proceedings will result in removal. The Court does not have enough information to determine the likelihood that his proceedings will result in removal, but notes that it is possible he will be granted withholding or other relief based on his prior credible fear determination and his statements regarding his religious persecution in Iran. *See* Pet. ¶¶ 16-17. This factor weighs in Petitioner's favor.

In conclusion, the relevant considerations here weigh heavily in favor of Petitioner's claim that due process requires individual findings regarding his detention. The Court thus **GRANTS** the Petition on due process grounds. Petitioner is entitled to a bond hearing in accordance with this order.

At that hearing, Respondents must justify Petitioner's continued detention by clear and convincing evidence that Petitioner is a flight risk or would pose a danger to the community if released. *See Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281, 138 S.Ct. 830, 200 L.Ed.2d 122 (2018) (holding that such burden was proper to determine bond in immigration cases); *Martinez v. Clark*, 124 F.4th 775, 785–86 (9th Cir. 2024) (same); *Sadeqi v. LaRose*, No. 25-CV-2587-RSH-BJW, 2025 WL 3154520, at *4 (S.D. Cal. Nov. 12, 2025) (ordering same bond hearing standard in immigration 2241 petition); *Abdul Kadir v. Larose*, No. 25CV1045-LL-MMP, 2025 WL 2932654, at *6 (S.D. Cal. Oct. 15, 2025) (same); *Idiev v. Warden of the Golden State Annex Det. Facility*, No. 1:25-CV-01030-SKO (HC), 2025 WL 3089349, at *6 (E.D. Cal. Nov. 5, 2025) (same).

//
//
//
//
//
//
//
//
//
//
//
//
//

26-cv-0266-JES-VET

## IV.   CONCLUSION

For the reasons discussed above, the Court **ORDERS** as follows:

(1)   Petitioner's petition for writ of habeas corpus is **GRANTED**;

(2)   The Court **ORDERS** Respondents to provide Petitioner with a bond hearing within **ten days** of this Order. At the hearing, the IJ may not deny Petitioner bond on the basis that he is detained under 8 U.S.C. § 1225(b), but must find by clear and convincing evidence that Petitioner is a flight risk or danger to the community; and

(3)   Respondents are **ORDERED** to File a Notice of Compliance within ten days of providing Petitioner with a bond hearing, including apprising the Court of the results of that hearing.

**IT IS SO ORDERED.**

Dated: January 26, 2026

_____
Honorable James E. Simmons Jr.
United States District Judge

9

26-cv-0266-JES-VET